**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CAMDEN GUZMAN**, an individual, Plaintiff, <br><br> v. <br><br> **TOMMY CARWASH SYSTEMS INC.,** A Domestic Profit Corporation <br> **MATT NAGELKIRK,** an individual, jointly and severally, Defendants | Hon. <br> Case No. |

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC** <br> Robert Anthony Alvarez (P66954) <br> Victor M. Jimenez Jr. (P85194) <br> Attorneys for Plaintiff <br> 600 28th St. SW <br> Wyoming, MI 49509 <br> (616) 257-6807 <br> ralvarez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Plaintiff seeks a declaration that his rights were violated, an award of unpaid overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

1

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

6. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

7. Employees of Defendant Tommy Carwash System Inc., ("TCS") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

8. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

9. Defendant TCS's annual gross volume of sales made or business done is not less than $500,000.

10. Defendant TCS employs more than two persons.

11. Defendant TCS is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Holland, Michigan, within the United States Judicial District of the Western District of Michigan.

12. Plaintiff performed work for Defendants in the Western District of Michigan specifically in Holland as well as other locations around the United States.

2

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

14. Plaintiff Camden Guzman is an individual who at all times relevant to this complaint resided in the County of Allegan, State of Michigan.

15. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

16. Defendant Tommy Carwash Systems Inc., (hereinafter referred to as "TCS") is a domestic limited liability company whose registered office is located at 648 South Point Ridge, Holland, MI 49423.

17. Defendant TCS is a Domestic Profit Corporation that focuses on car wash systems in Michigan as well as throughout the United States.

18. Defendant Matt Nagelkirk (hereinafter referred to as "Matt") is an individual who at all relevant times to this complaint supervised/instructed Plaintiff in his employment duties and who controlled Plaintiff's schedule in 2022 and 2023.

19. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

20. Plaintiff began working for Defendant TCS in 2017 and is still currently employed.

21. Plaintiff held multiple positions throughout his employment.

22. In 2017, Plaintiff started working for Defendant TCS as a Car Wash Attendant.

23. In 2018, Plaintiff was promoted to the role of Licence Plate Recognition ("LPR") Technician. His job duties consisted of traveling to sites to install and set up the LPR and point of sale equipment.

24. In 2019, Plaintiff was promoted to the position of Equipment Support Manager. His job duties consisted of taking equipment support calls and training the support staff in addition to the duties he performed as an LPR Technician.

25. In 2020, Plaintiff was promoted to the position of Support Advisor. His job duties consisted of taking equipment support calls and handling technical support escalations in addition to the duties he performed as an LPR Technician.

26. In 2021, Plaintiff was promoted to the role of Startup Controls Manager. His job duties consisted of making support calls to assist franchise car wash owners in ensuring their equipment was functioning properly upon startup in addition to the duties he performed as an LPR Technician.

27. In 2023, Plaintiff was promoted to the role of Controls Engineer. His job duties consist of making drawings of control panels that need to be sent to the car washes, editing code for the carwash Programmable Logic Controllers, assisting with technical support tickets, as well as continuing to perform the duties of an LPR Technician.

28. At the beginning of Plaintiff's employment, he was compensated at an hourly rate of $10 an hour.

29. In 2018, Plaintiff began traveling for work throughout the United States setting up license Plate Recognition and control panel equipment.

30. In 2021, Defendants began compensating Plaintiff on a salary basis of $60,000 a year

31. Plaintiff's salary in 2021 was $60,000 and to date, his salary is $92,500.

32. Plaintiff was compensated on a bi-weekly basis (every two weeks).

33. In 2021 and 2022 Plaintiff, on average, would travel twice a month for 5 to 7 days to different states performing these duties.

34. In 2023 Plaintiff traveled approximately 5 times throughout the year to different states performing these duties.

35. Plaintiff did not require any certifications or undergraduate/graduate degrees to perform these duties.

36. Plaintiff was scheduled to work from Monday through Friday from 8 am to 5 pm but would often work later or earlier than scheduled.

37. Plaintiff averaged a 50 hour work week throughout his employment.

38. When Plaintiff traveled out of state, he would abide by his typical work schedule: However, to complete the job within the given time frame, it was necessary for Plaintiff to work more than his typical work schedule, averaging 60-hour workweeks.

39. Plaintiff inquired about how he should be reporting his hours worked and was informed by his supervisor, Matt Nagelkrik, that it did not matter because he was a salaried employee and exempt from overtime.

40. Contrary to Defendants' assertions, Plaintiff was not exempt from an overtime premium for those hours worked in excess of forty (40) hours worked in a workweek.

41. Plaintiff was never paid an overtime premium for any hours worked in excess of forty (40) hours per workweek while he was a salaried employee for Defendants. Plaintiff was compensated for overtime prior to becoming a salaried employee.

42. As an example, Plaintiff was required to travel to Bloomington, Minnesota on December 3, 2023, to perform his work duties. Plaintiff had 8 hours of travel time from Michigan to Minnesota. Plaintiff worked from 7 am to 5 pm December 4, 2023, through December 7, 2023. On December 8, 2023, Plaintiff worked from 7 am to 12 pm as well as 8 hours of

travel time back to Michigan. Plaintiff thus worked at least 45 hours during this workweek, not including travel time.

43. Defendant TCS was fully aware that Plaintiff had worked more than 40 hours in that workweek and failed to compensate him appropriately.

44. Plaintiff primarily worked in Holland, MI, as well as throughout the states of Michigan, Ohio, Wisconsin, Pennsylvania, Maryland, Delaware, Virginia, North Carolina, South Carolina, Georgia, Tennessee, Florida, Louisiana, Arkansas, Missouri, Illinois, Iowa, Minnesota, North Dakota, Nebraska, Kansas, Oklahoma, Texas, Idaho, and Nevada.

45. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

46. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

48. Defendant TCS is a sophisticated business with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

49. Defendant Matt utilized Defendant TCS to subvert their obligations under state and federal law.

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fees.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

51. At all relevant times, Defendants have been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

53. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

54. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

55. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

56. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

57. Defendants' violations of the FLSA were knowing and willful.

58. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

59. As a result of Defendant's violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY OVERTIME

60. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

61. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

62. At all relevant times, Defendants have been an "employer" within the meaning of the IWOWA, M.C.L. § 408.932(d).

63. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

64. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

65. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

8

66. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

67. As a result of Defendants' violations, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid overtime wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/  Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                          Respectfully Submitted,

                                          */s/   Robert Anthony Alvarez*          .
                                          Robert Anthony Alvarez (P66954)
                                          Attorney for Plaintiff
                                          Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/8/2024

/s/ Camden Guzman